UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

MAR – 3 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

NATASHA A. RIDDICK,

Plaintiff (s),

v.

MARK ZUCKERBERG,
Defendant(s).

No. **C 14-00966 NC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Nathanael Cousins. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 3/3/2014 | Complaint filed | |
| 5/14/2014 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 5/28/2014 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 6/4/2014 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom A, 15th Floor at 10:00 AM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

## CIVIL STANDING ORDER
## MAGISTRATE JUDGE NATHANAEL M. COUSINS

SCHEDULING

Civil motions are heard on Wednesdays at 1:00 p.m.

Civil case management conferences are held on Wednesdays at 10:00 a.m.

Civil pretrial conferences are held on Wednesdays at 2:00 p.m.

Parties are not required to reserve a hearing date but should confirm the Court's availability at http://www.cand.uscourts.gov. For questions regarding scheduling, please contact courtroom deputy Lili Harrell at 415.522.2039 or Lili_Harrell@cand.uscourts.gov.

CASES INITIALLY ASSIGNED TO JUDGE COUSINS

In civil cases initially assigned to this Court for all purposes, each party must file written consent to the jurisdiction of a magistrate judge or a written request for reassignment to a district judge as soon as possible but no later than the deadlines specified in Civil Local Rule 73-1(a).

COURTESY COPIES

For motion-related filings only, the parties must lodge an extra paper copy and mark it as a copy for "NC Chambers."

PROPOSED ORDERS

In all cases subject to e-filing, the parties must send via email all stipulations and proposed orders in WordPerfect format to ncpo@cand.uscourts.gov on the same day they e-file these documents.

DISCOVERY

Discovery motions referred to this Court and noticed for a hearing by a district judge will follow the briefing schedule set by the district judge, but the hearing will be rescheduled in accordance with this Court's civil motion calendar.

For all other discovery disputes in cases that have been referred to this Court, the parties must meet and confer to attempt to resolve their dispute as described below. If the parties are unable to reach a resolution through this process, they must file a joint statement of five pages or less that: (1) explains the nature and status of the dispute; (2) describes each unresolved issue; (3) summarizes each party's position with respect to each unresolved issue; and (4) states each party's proposed compromise with respect to each unresolved issue. The parties must not attach any declarations, affidavits, or exhibits to the statement. In the rare event that the parties are unable to file a joint statement, each party may file a statement of two pages or less. The statement(s) must be filed in ECF under the Civil Events category of Motions and Related Filings > Motions: General > Discovery Letter Brief. Upon review of the statement(s), the Court will advise the parties regarding the need, if any, for more briefing, a hearing, or a telephonic conference.

<u>MEET AND CONFER REQUIREMENT</u>
The parties must attempt to resolve their disputes informally by meeting and conferring in person. If counsel are located outside of the Bay Area, the parties must confer by telephone. A mere exchange of letters, emails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.

IT IS SO ORDERED.

August 24, 2012

Nathanael M. Cousins
U.S. Magistrate Judge

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)

11.   Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.   Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.   Consent to Magistrate Judge For All Purposes: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes    ___ No

14.   Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.   Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17.   Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.   Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.   Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.